# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RODNEY DANIEL MCLEOD, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER, AND** |
| | **)** | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:08CV868 |
| | ) | 1:05CR59-1 |
| Respondent. | ) | |

Petitioner Rodney Daniel McLeod, a federal prisoner, is pursuing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner was indicted in an original and a superseding indictment on two counts of possession of firearms in commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (docket nos. 1, 17). Count One in the superseding indictment charged Petitioner with possessing a .25 caliber handgun on or about August 21, 2004, after having been convicted on June 24, 1998, of two counts of possession with intent to sell and deliver cocaine. Count Two involved the same prior felony convictions and was based on an allegation that Petitioner possessed two .22 caliber handguns on or about December 26, 2004.

Petitioner initially chose to contest these charges. His attorney filed a motion for discovery (docket no. 19) and two motions to suppress the evidence supporting

---

[1]This and all further cites to the record are to the criminal case.

each count of the indictment (docket nos. 25, 26). A suppression hearing was started, but then continued, on August 12, 2005. It was continued to August 18, 2005. However, on August 17, 2005, a plea agreement was entered calling for Petitioner to plead guilty to Count One of the indictment, with Count Two being dismissed (docket no. 30). Petitioner appeared on August 18, 2005, and entered his guilty plea as called for in the plea agreement.

Petitioner was subsequently sentenced to 120 months of imprisonment (docket no. 41). He did file a direct appeal, but his conviction and sentence were affirmed (docket nos. 54, 58.) Petitioner then filed a § 2255 motion in this court (docket no. 61). That motion was dismissed without prejudice based on procedural deficiencies, leading Petitioner to file a second motion (docket no. 63). This motion was also deficient, but was filed and stayed in order to allow Petitioner another opportunity to file a proper motion. He did so (docket no. 67), and then later filed a motion to amend that is still pending (docket no. 76). The motion to amend will be granted. Respondent has filed a response (docket no. 90), Petitioner has filed a reply (docket no. 100), and his motion, as amended, is now before the court for a decision. Petitioner has also filed a motion for an evidentiary hearing (docket no. 102). For the reasons discussed below, no evidentiary hearing is necessary. Therefore, the motion for a hearing will be denied.

## PETITIONER'S CLAIMS

Petitioner raises three claims for relief in his corrected § 2255 motion. The first is a claim for ineffective assistance of counsel on appeal. He contends that his appellate counsel did not raise viable claims on appeal or properly consult with him on appeal, but instead filed an appeal that favored the government. Petitioner's second claim is that there was no probable cause supporting the DWI arrest that led to the discovery of the .25 handgun on his person on August 21, 2004. Finally, Petitioner contends that he did not violate federal law because the State of North Carolina restored his citizenship rights after he was released from prison. He believes, therefore, that he was allowed to possess a firearm. In the memorandum supporting the corrected motion, he adds a claim that his state court counsel was ineffective in contesting the state court DWI arrest that led to the discovery of the .25 caliber firearm. He also alleges that his trial counsel in this court was ineffective in contesting the DWI arrest, that he failed to represent him properly due to racial bias, that he did not give Petitioner access to discovery information, and that he did not properly research the probable cause and restoration of rights issues.

In Petitioner's motion to amend and its supporting documents, he continues to expand on, and provide detail for, his ineffective assistance of counsel claims. He also argues that his guilty plea was invalid because he did not understand the true nature of the charges against him, i.e., that his possession of a firearm did not violate federal law and that he is not guilty because the government did not provide

sufficient proof of his prior convictions. Finally, in his reply, Petitioner adds an argument that the gun he possessed was not a "firearm" under federal law. His argument is difficult to follow, but he claims that .22 caliber guns are not "firearms" under federal law. Somehow he believes that this would affect the .25 caliber weapon that he possessed.

## **DISCUSSION**

Large portions of Petitioner's claims consist of numerous allegations of ineffective assistance of counsel, either at the trial or appellate level. In order to prove ineffective assistance of counsel at the trial level, Petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner makes several allegations of deficient performance which are aimed at his trial counsel. The most serious of these is that counsel failed to discover that Petitioner was not guilty of possession of a firearm by a convicted felon and/or that he failed to raise this point to have Petitioner's charges dismissed. This argument fails because Petitioner cannot show that he was innocent of the charge to which he pled guilty. Petitioner's primary innocence argument is that he was not prohibited from possessing a firearm because North Carolina had restored his civil rights following his release from state prison. His argument is not supported by the law. If state law prevents possession of any type of firearm based on a person's past felony convictions, the person cannot possess of firearm under federal law. This is true even as to types of firearms allowed by the state. *Caron v. United States*, 524 U.S. 308, 312-17 (1998). Although North Carolina once allowed restoration of the right to possess firearms, N.C. GEN. STAT. § 14-415.1 was amended effective in 1995 to, in effect, make felons ineligible to possess certain firearms indefinitely. *United States v. Farrow*, 364 F.3d 551 (4th Cir. 2004).[2] The statute was later amended again and currently prohibits felons from possessing all firearms. *See* N.C. GEN. STAT. § 14-415.1. Moreover, Petitioner has supplied as an exhibit what he claims is a restoration if his right to possess firearms. That certificate plainly states that all of his rights of citizenship were restored **except** his right to possess

---

[2]Petitioner cites to the case of *United States v. Essick*, 935 F.2d 28 (4th Cir. 1991) in support of his argument. However, that case was decided prior to the 1995 amendment.

-5-

Case 1:05-cr-00059-TDS   Document 103   Filed 02/17/10   Page 5 of 12

firearms. It warns him that his right to possess firearms is "significantly limited" and that he must petition the federal government for relief from the prohibition (docket no. 102, ex. CCC1). Under *Caron*, the "significant limitations" imposed by North Carolina meant that Petitioner was prohibited from possessing firearms at all under federal law. His claims otherwise clearly fail. It was also not error for counsel to fail to raise or pursue the point. There was no reason for him to raise a meritless argument and Petitioner could not have been prejudiced by the failure to raise it. This claim of ineffective assistance of counsel fails and should be denied.

Petitioner makes other scattered arguments that he is innocent of being a felon in possession of a firearm. In one, he claims that .22 caliber handguns are not firearms, and in another that the gun he possessed does not qualify as a weapon of mass destruction. Again, he is incorrect. Federal law does not exempt .22 caliber weapons from the definition of firearms that is used by § 922. *See* 18 U.S.C. § 921(a)(3). Also, even if it did, this would not help Petitioner. Petitioner pled guilty to possessing a .25 caliber weapon, not a .22. As for weapons of mass destruction, Petitioner was charged only with possessing firearms, not weapons of mass destruction. The definition of that term is irrelevant to his case. Petitioner also appears to argue at some points that he is not guilty because his crime was committed in North Carolina and not in federal jurisdiction or on federal property. If so, this is incorrect. Federal and state jurisdiction over crimes is generally concurrent. *See, e.g., United States v. Geiger*, 263 F.3d 1034, (9th Cir. 2001). That

is, both governments had jurisdiction over Petitioner's crimes. Finally, Petitioner states that the government failed to supply sufficient proof that he had a prior felony conviction. He is again confused. His attorney stipulated to that fact at Petitioner's change of plea hearing (docket no. 49 at 16). This removed the need for the government to prove the elements of the charge. Nor could Petitioner or his attorney have chosen to contest this fact. Even now in making his restoration of rights argument, Petitioner admits that he is a convicted felon. His attorney in no way failed him by not arguing this point or any of the other points raised by Petitioner in making his innocence argument. All of these claims of ineffective assistance of counsel should be denied.

The other major allegation raised by Petitioner is that trial counsel failed him by not fully challenging the arrest and search underlying Count One of the indictment. Unfortunately for him, the law and the record before the court do not reveal that his attorney had any meritorious argument to make. The basic facts appear uncontested but, even under Petitioner's rendition of the facts, his claim fails. On August 21, 2004, at about 3:15 A.M, a deputy sheriff saw a car sitting on the side of U.S. Highway 1 near the town of Southern Pines, North Carolina. The lights were on, the engine was running, and Petitioner was sitting in the driver's seat. He states that he was eating a sandwich. When the deputy stopped to investigate, he observed Petitioner and believed him to be intoxicated. He then arrested him for driving while impaired (docket no. 76 at vi). Petitioner initially refused a breath test,

but later took one which indicated that his blood alcohol content was .07, or just below the level needed for legal intoxication. The .25 caliber gun was recovered from Petitioner's person following his arrest (docket no. 92 at 21).

Petitioner makes multiple arguments concerning the propriety of his arrest and the seizure of the firearm. The first is that the deputy did not have the reasonable suspicion of criminal activity needed to initiate contact with Petitioner in the first place. Reasonable suspicion of criminal activity is needed to briefly detain someone and conduct an investigatory stop. *Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004). However, it is not needed anytime a police officer decides to merely talk to a citizen or ask questions. *United States v. Farrior*, 535 F.3d 210, 218 (4th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 743 (2008). Here, the deputy saw a car stopped on the side of the road with its lights on and door open in the middle of the night. Naturally, he stopped to assess the situation. If nothing else, he would have needed to stop to see if the occupants of the car had an emergency and needed help. More importantly, he did not stop Petitioner. Petitioner was already stopped. Therefore, this was not a traffic or investigatory stop where either reasonable suspicion or probable cause was needed.

Petitioner also claims that there was not probable cause to arrest him. He relies heavily on his .07 breath test to support this argument. However, that test does him no good. The arrest was made based on the deputy's observations of intoxication, not a breath test. Petitioner has not put forth evidence to attack those
-8-

observations. The fact that a breath test later showed that he was not intoxicated at the time he took the test (which was conducted some time later) does not affect the existence of probable cause at the time of the arrest.

Finally, Petitioner contends that the deputy could not have arrested him for driving while impaired because the deputy did not observe him driving a car. Although Petitioner's recitation of the facts is correct, the legal conclusion he reaches is not. Under North Carolina law, a person can be considered to be "driving" "'if he is in actual physical control of a vehicle which is in motion or which has the engine running.'" *State v. Mabe*, 85 N.C. App. 500, 504, 355 S.E.2d 186, 188 (1987) (quoting *State v. Fields*, 77 N.C. App. 404, 406, 335 S.E.2d 69, 70 (1985)). This includes sitting in the driver's seat of a running vehicle. *Id.* Also, roadways are broadly construed to extend beyond the lanes of travel. *Id.* at 503, 355 S.E.2d. at 187-188. The deputy did have probable cause to arrest Petitioner based on the scene he observed and Petitioner's apparent intoxication. For that reason, Petitioner's trial counsel could not have successfully contested the arrest and suppressed the .25 caliber firearm. This claim for ineffective assistance of counsel should be denied as well.[3]

Petitioner makes a number of other allegations regarding trial counsel. He generally claims that counsel did not properly consult with him, did not share

---

[3] Petitioner also complains that his state court attorney did not properly handle his DWI case. That attorney's conduct is not properly a part of this proceeding.

discovery, and only encouraged him to plead guilty in order to receive a paycheck or because of his race. In the end, most of these claims appear related to the idea that counsel incorrectly advised Petitioner so as to cause him to give up the innocence or suppression issues addressed above. Petitioner claims that he would not have pled guilty had he known of these issues. The problem for Petitioner is that he is wrong about those issues. He was not innocent and did not have valid grounds to suppress the firearm. Whatever communication problems he feels he may have had with counsel, he gives no argument as to why he would not have pled guilty other than his current mistaken beliefs. Therefore, he cannot demonstrate the prejudice necessary under *Strickland*. All of his ineffective assistance of counsel claims against his trial counsel should be dismissed.

Petitioner also complains about the actions of appellate counsel.[4] His list of complaints is quite lengthy (docket no. 76 at subsect. J, ¶¶ 1-17). However, Petitioner's claims mostly boil down to arguments that appellate counsel failed to (1) raise the points discussed above, (2) make various attacks on Petitioner's state law DWI conviction, or (3) pursue trial counsel's alleged ineffective assistance. He also criticizes appellate counsel for raising some of the points in a brief filed under *Anders v. California*, 386 U.S. 738 (1967).

Appellate counsel need not have raised on appeal every non-frivolous issue requested by Petitioner. *Jones v. Barnes*, 463 U.S. 745 (1983); *see also Smith v.*

---

[4]Petitioner had different attorneys at the trial and appellate levels.

*Murray*, 477 U.S. 527 (1986); *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound trial strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. *Jones*, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). Clearly, Petitioner's attorney did not err and Petitioner was not prejudiced. For the reasons already discussed, many of the points that Petitioner wished to have raised were frivolous or without merit. His other claims are entirely conclusory. Overall, Petitioner has not shown that his attorney failed him or harmed him in either choosing not to raise the claims listed or in choosing to raise some of them in an *Anders* brief. He has not demonstrated that he had any potentially meritorious claims to raise on appeal. In fact, most of his claims are entirely conclusory. Petitioner's claims that his appellate attorney provided him with ineffective assistance of counsel should be denied.

In addition to his claims that his attorneys did not properly represent him, Petitioner also makes independent arguments based on his contentions of innocence and his theory that the deputy could not have properly arrested him for DWI. These claims fails for two reasons. First, Petitioner raised some of them on

appeal, only to have them rejected. He cannot now relitigate those issues. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). Second, all of the issues are without merit for all of the reasons set out above. All of Petitioner's claims should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (docket no. 76) is **GRANTED** and his motion for an evidentiary hearing (docket no. 102) is **DENIED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 67), as amended, be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
February 16, 2010